IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:05–CR-30165-NJR |
| ) | |
| ) | |
| LARRY WHITEHEAD, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant Larry Whitehead's *pro se* Motion for Modification of Sentence.[1] (Doc. 39). For the reasons set forth below, the motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 2005, a grand jury returned a one-count indictment charging Defendant Larry E. Whitehead with possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). On November 3, 2006, Whitehead entered a plea of guilty to the

---

[1] Whitehead titled his document "Motion for Resentencing under the New Johnson Law." The Court notes the motion is filed pursuant to 18 U.S.C. § 3582, and therefore infers Whitehead is requesting modification of his imposed term of imprisonment. A Court may reduce a defendant's sentence under 18 U.S.C. § 3582 based on certain criteria, including that the defendant is serving "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A sentence reduction is only permitted, however, if it is "consistent with applicable policy statements issued by the Sentencing Commission," which are found in § 1B1.10 of the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2). Presumably, Whitehead is arguing the Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551, 2557 (2015), finding the residual clause of Armed Career Criminal Act unconstitutional, necessarily required the Sentencing Commission to lower or adjust the sentencing range for offenses covered by that clause. Because the Court finds the residual clause was not the basis for Whitehead's sentencing under the Armed Career Criminal Act, an analysis of the Sentencing Commission's actions regarding the *Johnson* decision is unnecessary.

charge. (Doc. 32, p. 3). A presentence investigation was conducted, and the corresponding report was adopted by the Court. (Doc. 37, p. 1). As part of the basis for the recommended sentence, the presentence investigation found that Whitehead was subject to an enhanced penalty as an armed career criminal within the meaning of U.S.S.G. § 4B1.4. (Doc. 32, p. 6). Specifically, the Court found that Whitehead had been convicted of two Burglaries, Murder Second Degree, Escape and Arson. (Doc. 32, p. 6). On February 5, 2007, District Judge G. Patrick Murphy[2] sentenced Whitehead to a term of 188 months' imprisonment (the low end of the advisory guideline range), to be followed by a two year term of supervised release. Judge Murphy also imposed a fine of $750 and a special assessment of $100.

On June 30, 2016, Whitehead filed the pending motion, arguing that pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015), one of the burglary convictions was improperly considered as a basis for his enhanced sentence. (Doc. 39, p. 1).

## ANALYSIS

Whitehead argues that under the Supreme Court's decision in *Johnson v. United States*, use of one of his prior convictions for burglary to enhance his sentence under the Armed Career Criminal Act ("ACCA") was improper. (Doc. 39, p. 1). A defendant convicted of being in possession of a weapon faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e). A violent felony is defined in three different ways:

---

[2] Judge Murphy retired on December 1, 2013, and thus this action was transferred to the docket of the undersigned when Whitehead filed the motion now under consideration.

> (1) As a crime that "has as an element, the use, attempted use, or threatened use of physical force against the person of another" (referred to as the elements clause);
>
> (2) The crimes of burglary, arson, extortion, or a crime that involves the use of explosives (referred to as the enumerated crimes clause); or
>
> (3) A crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (referred to as the residual clause).

18 U.S.C. § 924(e)(2)(b). In *Johnson*, the Supreme Court held the imposition of an enhanced sentence under the *residual* clause of the ACCA violates due process. 135 S.Ct. 2551, 2557 (2015) (emphasis added). Neither the elements clause nor the enumerated crimes clause was impacted by the decision in *Johnson*. *Price v. United States,* 795 F.3d 731, 732 (7th Cir. 2015) (citing *Johnson,* 135 S.Ct. at 2557).

While Whitehead's argument is difficult to discern, the Court infers he is arguing that because one of the burglaries he was convicted of took place in an "empty dwelling" that it could not have posed a serious risk of physical injury to another person, and even if it did, the Supreme Court decision in *Johnson* bars consideration of that burglary conviction as a "violent felony." (*See* Doc. 39). Whitehead appears to assume that a burglary of an empty dwelling would be considered under the residual clause. The Court notes, however, that burglary is one of the crimes listed in the "enumerated crimes" clause. Because *Johnson* only found the residual clause to be unconstitutional, and the burglary convictions are based on the enumerated crimes clause, they were properly considered by the Court.

Even had one of Whitehead's burglary convictions been inappropriate to consider for sentence enhancement, the Court notes Whitehead also had prior felony convictions

for Murder Second Degree and Arson. (Doc. 32, pp. 8-9). Both of those convictions would qualify as violent felonies under the elements and enumerated clauses. Thus, even without one of the burglary convictions, Whitehead would still have had three previous convictions for violent felonies under 18 U.S.C. § 924(e)(1) & (2).

## Conclusion

For these reasons, Whitehead's Motion for Reduction of Sentence (Doc. 39) is **DENIED.**

**IT IS SO ORDERED.**

DATED: November 8, 2017

**NANCY J. ROSENSTENGEL**
**United States District Judge**